Stuart W. Price, California Bar No. 125918
stuart.price@bryancave.com
Paula L. Zecchini, California Bar No. 238731
paula.zecchini@bryancave.com
BRYAN CAVE LLP
3161 Michelson Dr., Suite 1500
Irvine, California 92612-4414
Telephone: (949) 223-7000
Facsimile: (949) 223-7100

FILED
09 JAN 12 PM 2:12
CLERK, U.S. DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA
BY: DEPUTY

Attorneys for Defendants
COUNTRYWIDE HOME LOANS, INC.;
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

EVA L. WATTS,

Plaintiff,

vs.

DECISION ONE MORTGAGE COMPANY, LLC; COUNTRYWIDE HOMELOANS; SAXON MORTGAGE SERVICES, INC.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.

Defendants.

Case No. '09 CV 0043 JM BLM

(San Diego Superior Court Case No. 37-2008-00073685-CU-BT-SC

**NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. § 1441(b)**

**[FEDERAL QUESTION JURISDICTION]**

VIA FAX

TO THE CLERK OF THE ABOVE-ENTITLED COURT, PLAINTIFF, AND PLAINTIFFS' ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants Countrywide Home Loans, Inc. and Mortgage Electronic Registration Systems, Inc. (collectively, "Defendants") remove to this Court the state court action described below.

IR01DOCS390513.1



1. On or about October 9, 2008, Plaintiff filed a Complaint in the the Superior Court of the State of California, County of San Diego entitled *Eva L. Watts v. Decision One Mortgage Company, et al.*, San Diego County Superior Court Case No. 37-2008-00073685-CU-BT-SC.

2. A copy of all pleadings filed in the state court action and served on Defendants is attached as Exhibit A as required by 28 U.S.C. § 1446(a).

3. On December 12, 2008, Plaintiff personally served a copy of the Summons and Complaint on Defendant Countrywide Homes Loans, Inc. This notice is being filed within thirty days of Defendants receipt of the Complaint and is timely pursuant to 28 U.S.C. § 1446(b).

4. This is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331, and which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441(b). This action is founded on claims arising under federal laws, including the federal Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. Section 1961, et seq.; Truth in Lending Act ("TILA"), 15 U.S.C. Section 1601 et seq.; Regulation Z, 12 C.F.R. § 226 et seq., and the federal Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. Section 2601 et seq. (*See e.g.*, Complaint ¶¶ 56-64, 69-78, 80-86.)

5. Upon information and belief, no other defendant has been served with a copy of the summons and complaint in this action whose consent would be necessary to effect this removal.

6. This Court has supplemental jurisdiction over the Plaintiff's state law claims. Those claims arise under the same operative facts as Plaintiff's federal claims, which relate to the alleged wrongful foreclosure of Plaintiff's loan. (*See e.g.*, Complaint ¶¶ 33, 35, 55, 68, 79.) Accordingly, each of Plaintiff's state law claims are related to Plaintiff's federal claims and form a part of the same case and controversy pursuant to 28 U.S.C. § 1367(a).

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

7. A copy of this Notice of Removal is being served on all adverse parties and filed with the clerk of the state court pursuant to 28 U.S.C. § 1446(d). A copy of the notice to all adverse parties and the state court is attached (without exhibits) as Exhibit B.

Dated: January 12, 2009

s/ Paula L. Zecchini

Attorneys for Defendants
COUNTRYWIDE HOME LOANS; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.
E-Mail: paula.zecchini@bryancave.com

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

EXHIBIT A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
DECISION ONE MORTGAGE COMPANY, LLC.; COUNTRYWIDE HOME LOANS; SAXON MORTGAGE SERVICES INC.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; and DOES 1-100, Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
EVA L. WATTS

Personal Service
Countrywide-Las Virgenes
Date: 12-12-08
Time: 12:05PM
By: Kelechi Egbuta- Gatts
Signature / Print name

**You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.**

**There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.**

***Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.***

***Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.***

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
South County Regional Center District
500 3rd Avenue, Chula Vista, CA 91910

CASE NUMBER: *(Número del Caso):* 37-2008-00073685-CU-BT-SC

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
David A. St. John (Bar # 048746)
Law Offices of David A. St. John
235 West Seventh Street, Oxnard, CA 93030-7131
Phone No.: (805) 486-8000
Fax No.: (805) 487-2100

DATE: OCT 0 9 2008 *(Fecha)*
Clerk, by *(Secretario)* A. Rhodes, Deputy *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of *(specify)*: COUNTRYWIDE HOME LOANS
   under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
LexisNexis® Automated California Judicial Council Forms

COPY

4

DAVID A. ST JOHN (SBN: 048746)
EMMANUEL F. FOBI (SBN: 210764)
ATTORNEYS AT LAW
235 West Seventh Street
Oxnard California 93030-7131
(805) 486-8000 • (805) 487-2100 fax
E-mail dsj@law-pro.net

*Attorney for* Plaintiff EVA L. WATTS

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN DIEGO

EVA L. WATTS,

Plaintiff,

vs.

DECISION ONE MORTGAGE COMPANY, LLC.; COUNTRYWIDE HOME LOANS; SAXON MORTGAGE SERVICES INC.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; and DOES 1 – 100, Inclusive,

Defendants.

Case No. 37-2008-00073685-CU-BT-SC

**COMPLAINT FOR:**

1. **INJUNCTIVE RELIEF;**
2. **FRAUD;**
3. **NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS;**
4. **NEGLIGENCE;**
5. **RICO;**
6. **TILA;**
7. **RESPA;**
8. **CANCELLATION BASED ON IMPOSSIBILITY;**
9. **QUIET TITLE; and**
10. **SLANDER OF TITLE.**

**REQUEST FOR JURY TRIAL**

Plaintiff EVA L. WATTS (hereinafter "EVA" or "Plaintiff") on information and belief alleges as follows:

**THE SUBJECT PROPERTY**

1. At all times relevant herein, Plaintiff owned and lived in her residential real property located at 688 Rue Avallon, Chula Vista, California 91913, more fully described as:

LOT 70 OF CHULA VISTA TRACT NO.84-9, EASTLAKE 1 UNIT 10, IN THE

DAVID A. ST. JOHN
ATTORNEY AT LAW
235 W. 7TH ST.
OXNARD CA 93030-7131
TEL 805.486.8000

CITY OF CHULA VISTA, COUNTY OF SAN DIEGO, STATE OF CALIFORNIA, ACCORDING TO MAP THEREOF NO.11434, FILED IN THE OFFICE OF THE COUNTY RECORDER OF SAID SAN DIEGO COUNTY, FEBRUARY 3, 1986.

EXCEPTING THEREFROM ALL OIL, OIL RIGHTS, MINERALS, MINERAL RIGHTS, NATURAL GAS RIGHTS, AND OTHER HYDROCARBONS BY WHATSOEVER NAME KNOWN, GEOTHERMAL STEAM AND ALL PRODUCTS DERIVED FROM ANY OF THE FOREGOING, THAT MAY BE WHITHIN OR UNDER THE PARCEL OF LAND HEREINABOVE DESCRIBED, WITHOUT, HOWEVER, THE RIGHT TO DRILL, MINE, EXPLORE AND OPERATE THROUGH THE SURFACE OF THE UPPER FIVE HUNDRED (500) FEET OF THE SUBSURFACE OF THE PROPERTY, AS RESERVED BY EASTLAKE DEVELOPMENT COMPANY, A CALIFORNIA GENERAL PARTNERSHIP, IN DEED RECORDED FEBRUARY 20, 1986 AS FILE NO.86-067882 OF OFFICIAL RECORDS; A.P.N. 595-202-44-00; (hereinafter referred to as "Subject Property")

**PARTIES AND VENUE**

2. Defendant DECISION ONE MORTGAGE COMPANY, LLC., ("DOMC" or "Defendant"), a California corporation, at all relevant times herein has transacted and continues to transact business throughout the State of California, including in San Diego County.

3. Defendant COUNTRYWIDE HOME LOANS, ("COUNTRYWIDE" or "Defendant") at all relevant times herein is a California corporation, purportedly doing business as a lender and/or loan servicer through its subsidiary COUNTRYWIDE FINANCIAL CORPORATION

4. Defendant SAXON MORTGAGE SERVICES INC, ("SAXON" or "Defendant") at all relevant times herein is a California corporation, purportedly doing business as a lender and/or loan servicer in the State of California

5. Plaintiff is informed and believes and thereon alleges that Defendant MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., ("MERS" or "Defendant") At all relevant

DAVID A. ST. JOHN
ATTORNEY AT LAW
235 W. 7TH ST.
OXNARD CA 93030-7131
TEL 805.486.8000

times, defendant Mortgage Electronic Registration Systems, Inc., ("MERS" or "Defendant") is and was a suspended California corporation, and is otherwise not qualified to do business in the State of California, but is nonetheless named in the Deed of Trust in the subject loan transaction as the entity with the right to foreclose the security on behalf of the beneficiary of the subject loan transaction.

Plaintiff does not know the true names and capacities, whether corporate, partnership, associate, individual or otherwise, of Defendants sued herein as Does 1 through 100, inclusive, under the provisions of §474 of the California Code of Civil Procedure. Plaintiff is informed and believes, and on that basis alleges that Defendants Does 1 through 100 are in some manner responsible for acts, occurrences, and transactions set forth herein and are legally liable to Plaintiff.

6. Plaintiff is informed and believes, and on that basis alleges, that at all times mentioned herein each Defendant, whether actually or fictitiously was the principal, agent or employee of each other Defendant, and in acting as such principal, or within the course and scope of such employment or agency, took some part in the acts and omissions hereinafter set forth by reason of which each Defendant is liable to Plaintiff for the relief prayed for herein.

7. At all times relevant herein Defendants ratified the unlawful conduct of the other Defendants, who were acting within the scope of their agency or employment, by accepting the benefits of the transaction with knowledge of the wrongdoing, or otherwise by failure to repudiate the misconduct.

8. Plaintiff is further informed and believes, and on that basis allege that each corporate or limited liability company Defendant is the alter ego of its owner or owners and that there is insufficient separation of identity between the ownership and the corporate or limited liability company Defendant, and/or that such corporate or limited liability company Defendant is used merely as a vehicle to perpetrate fraud such that injustice would result to Plaintiffs in this matter if the corporate or limited liability company Defendant veil, if any, would remain intact.

9. Plaintiff reserves the right to assert additional violations of law as documents and information related to the transaction are produced in the course of discovery in this action.

10. Defendants' conduct in Plaintiff's case was not an isolated incident. At all relevant times

DAVID A. ST. JOHN
ATTORNEY AT LAW
235 W. 7th ST.
OXNARD CA 93030-7131
TEL 805.486.6000

herein, Defendants' regular business practice takes advantage of confusion between the genuine business of Mortgage Lending and a complicated but convincing moneymaking scam of selling or securitizing in the secondary market fraudulent purchase-money loans and re-finance deals that violate statutory and common law standards and that use fictional accounting and imprudent business practices to unsophisticated borrowers who Defendants knew, or should have known, could not repay the loans; ***that is***, unless Defendants continued to provide even shoddier loans to draw in more borrowers having less ability to pay, who then bought more houses, pushing real-estate prices yet higher resulting in further rounds of junk re-financings and higher prices, and so on, with huge exponential profits traveling up the chain to Defendants from swindled consumers at the end of the chain, including Plaintiffs.

11. Venue is proper in the County of San Diego under California Code of Civil Procedure Sections 392 and 395 because this action results from foreclosure of a mortgage on real property located in San Diego, this action arises out of an offer or provision of a loan intended primarily for personal family or household use in San Diego, and the acts alleged in this complaint occurred in San Diego County.

**FACTUAL ALLEGATIONS**

12. Plaintiff EVA L. WATTS, age 47, is a care coordinator, and real estate agent. She purchased the Subject Property in August 07, 2006 for $685,000. At the time of the purchase, her net monthly income was $4,000.00 from working two jobs.

13. A full two years earlier the housing market began it's collapse. Defendant was well aware of the impending implosion. This caused the lenders business to create new schemes to maintain profits and they went to great lengths to secure new clients as the real estate market slowed. In the Plaintiff's case, Defendant knows better than to approve and fund two loans of $3834 and $1418 to someone who only makes $4000 a month. Even more ridiculous is that Defendant listed her income over $12,000 a month just so they could get the loan! This should have been a red flag knowing that she was a care provider and in 2006 a Realtor! The loan payments were $5253.24 without including property taxes and home owners insurance which is an additional

DAVID A. ST. JOHN
ATTORNEY AT LAW
235 W. 7th ST
OXNARD CA 93030-7132
TEL 805.486.8000

$600 a month! How could any Lender expect a borrower to afford a payment of $5853 when they only made $4000? Lenders convince borrowers that they can always refinance their loans and using their equity. That was the song sung by every lender. They do not want to tell the borrower that the market is collapsing because then they would be out of business if they did not write loans. They continued with false promises and fanned the hopes of borrowers wanting to own a home with this fraudulent practice.

14. Driven by its push for market share, Defendant did whatever it took to sell more loans, faster – including by easing its underwriting criteria and disregarding the minimal underwriting criteria it claimed to require. By easing and disregarding its underwriting criteria, Defendant increased the risk that borrowers would lose their homes.

15. Defendant did whatever it took to sell more loans, faster – including by easing its underwriting criteria and disregarding the minimal underwriting criteria it claimed to require. By easing and disregarding its underwriting criteria, Defendant increased the risk that borrowers would lose their homes.

16. Traditionally, lenders required borrowers seeking mortgage loans to document their income, for example by providing W-2s or tax returns, as well as assets. Defendant, however, disregarded such documentation requirements with respect to its riskiest loan products and introduced a variety of reduced or no documentation loan programs that eased and quickened the loan origination process.

17. As an example of one widespread no documentation program that Defendant and other lenders used was a "Stated Income Stated Assets," or "SISA," program. The borrower's income and assets were stated but not verified. Employment was verbally confirmed and income was supposed to be roughly consistent with incomes earned in the type of job in which the borrower was employed. Reduced documentation loans, in turn, allowed borrowers to document their income through the provision of information that was less reliable then the information required of full documentation loans, such bank statements or verbal verification of employment.

18. These low- and no-documentation programs, such as SISA, enabled Defendant to process loans more quickly and therefore to make more loans. Stated income loans also encouraged the

DAVID A. ST. JOHN
ATTORNEY AT LAW
235 N. 7TH ST
OXNARD CA 93030-7131
TEL 805.486.0000

overstating of income – loan brokers and officers either overstated the borrower's income without his or her knowledge, or led the borrower into overstating his or her income without explaining the risk of default that the borrower would face with a loan he or she could not actually afford.

19. For stated income loans, it became standard practice for loan processors and underwriters to check www.salary.com to see if a stated income was within a reasonable range, with more tolerance on the upside for California salaries. Because loan officers knew about this practice, they too would look at salary.com to figure out the parameters ahead of time and know by how much they could overstate (or fabricate) income.

20. Lenders also relaxed, and often disregarded, the traditional underwriting standards used to separate acceptable from unacceptable risk in order to produce more loans for the secondary market. Initially, for example, a borrower had to have a credit score of 720 for a stated income loan.

21. As the secondary market's appetite for loans increased, Lenders relaxed its guidelines so that a borrower with a credit score of 580 could get a stated income loan with 100% financing. Underwriting standards which Lenders relaxed included qualifying interest rates (the rate used to determine whether borrowers can afford loans), loan-to-value ratios (the amount of the loan(s) compared to lower of the appraised value or sale price of the property), and debt-to-income ratios (the amount of borrowers' monthly income compared to their monthly indebtedness).

22. With respect to qualifying rates, while Defendant offered loans with initial low payments that would increase, loans were underwritten without regard to borrowers' long-term financial circumstances. Until at least the end of 2005, Lenders underwrote and approved their Hybrid ARMs based on the fixed interest rate applicable during the initial period of the loan, without taking into account whether the borrowers would be able to afford the dramatically higher payments that would inevitably be required during the remaining term of the loan.

23. In addition, Defendant's approach to underwriting and marketing Pay Option ARMs diverged. Defendant underwrote Pay Option ARMs based on the assumption that borrowers would make a fully amortizing payment, rather than the minimum payment, and therefore not experience negative amortization. In contrast, Defendant marketed Pay Option

DAVID A. ST. JOHN
ATTORNEY AT LAW
235 W. 7th ST
OXNARD CA 93030-7131
TEL 805.486.3000

ARMs by emphasizing the minimum payments. Defendant continued this underwriting practice even though it knew that many of its Pay Option ARM borrowers would choose to make only the minimum monthly payment and that a high percentage of such borrowers had experienced negative amortization on their homes.

24. Lenders eased other basic underwriting standards as they pushed to expand market share, underwriting standards and verification requirements became more flexible to enable underwriters to approve loans faster. Countrywide, for example, allowed higher and higher loan-to-value ("LTV") and combined loan-to-value ("CLTV") ratios – the higher the ratio, the greater the risk that a borrower will default and will be unable to refinance in order to avoid default. Similarly, Countrywide approved loans with higher and higher debt-to-income ("DTI") ratios – the higher ratio, the greater the risk the borrower will have cash-flow problems and miss mortgage payments

25. Rather than making prudent changes to minimize risks as would be expected of Mortgage Lenders, Defendants continued to create even riskier loan programs to feed their appetite for huge profits. These loan products were financially risky and difficult for someone not directly involved in the business to understand. The Defendant, competing with other Lenders in the same business was rolling out various loan products to lure more clients to their company. The Defendants carelessly bombarded the public with these programs that were tantamount to giving away free money, just come and get it, to millions of people, without sufficient money or reserves, *with no realistic ability to pay*, except with Defendants' false promise of indefinite refinances.

**2/28 ARM**

26. Defendant, DECISION presented "2/28" Hybrid ARMs to Plaintiff. A loan which is often confusing and misunderstood. These types of loans are extremely hard to fully comprehend but typical of the "smoke and mirrors" that the Lending industry embraced. This type of loan has a low, fixed interest rate for two years (the "2" in "2/28"). The lure is that sometimes the loan requires interest-only payments for that initial period.

27. When the initial rate expires, for the next 28 years (the "28" in "2/28") the interest rate can adjust once every 6 months. The bi-annual interest rate adjustment can be no more than 1.5%

DAVID A. ST. JOHN
ATTORNEY AT LAW
235 W. 7TH ST.
OXNARD CA 93030-7131
TEL 805.486.8000

and is typically determined by adding a margin to the one-year LIBOR index. Because the initial rate is set independent of the index, an increase in the LIBOR can add hundreds of dollars to the loan payment and is seldom explained to the client because it would only scare them away.

28. Without regard to whether the Plaintiff could afford the loan, the 2/28 loan was the loan Defendant presented and approved. With a 2/28 loan there typically is a prepayment penalty for early cancellation as was the case with Plaintiff.

29. As a borrower on a 2/28 ARM there is both a 'lock' on the minimum and maximum rate you would pay. This goes into effect after the initial two years. The common pitch from the lenders is that you will be able to refinance before the two year initial period expires. The market plummeted and the Defendant were well aware of this but continued processing this loan that the Plaintiff could not afford. Plaintiff had 100% financing divided into 2 separate loans, 80% of the loan was the first loan and 20% was the second loan. The second loan was a 15 year fix with a balloon payment. Considered one of the worst loans you could possibly offer.

30. The following scenario shows the payments on the first loan, the 2/28. The first loan was $548,000, considered a jumbo loan and had a monthly payment of $3489 (interest only) for the first 2 years.

31. Thereafter the interest rate was to be calculated by adding a margin of 6.64% to the six month LIBOR index. The promissory note for a 2/28 ARM provides the interest rate required to pay at the first rate change date will not be greater than $6229 or less than $3489. Even a minor jump in the LIBOR puts the payment out of reach for most borrowers.

32. The borrower's monthly payments can about double after the initial two years. With almost complete certainty the rate will go up. This makes it impossible for the borrowers to make the loan payments, especially when they do not expect or are not explained the worst case scenario, the dramatic increase in the LIBOR.

33. Plaintiff's monthly payments increased to more than her monthly take home pay by July of 2007. Plaintiff was forced into delinquency despite working two jobs. Her desperate pleas for help to DECISION were ignored.

34. Defendants knew, or should have known, that this loan could never be paid according to

DAVID A. ST. JOHN
ATTORNEY AT LAW
235 W. 7th ST
OXNARD CA 93030-7131
TEL 805.486.3000

the terms of the loan. These loans were not designed or intended to be repaid. Rather, Defendants' entire business model was to flood the market with loans that could not be repaid, knowing that the real estate market was losing value. The Defendants reaped huge profits by economically, emotionally and physically destroying millions of consumers at the bottom, now unable to use the equity in their properties which forced them into Default or paying huge prepayment penalties and loan fees just to get out of a bad loan.

35. These actions on or about September 02, 2008, caused a Notice of Default (Instrument No. 2008-0093833) to be recorded with the San Diego County Recorder's Office, against the Plaintiff on behalf of Defendant naming MERS as the beneficiary. However, at no time was Plaintiff ever notified of the assignment of beneficial interest to COUNTRYWIDE.

**FIRST CAUSE OF ACTION**

**INJUNCTIVE RELIEF**

**(Against all Defendants)**

36. Plaintiffs reallege and incorporate by reference the allegations in all paragraphs above as though fully set forth at this place.

37. Defendants, and each of them, intend to sell, and unless restrained will sell or caused to be sold the Subject Property, all to Plaintiff's irreparable injury by leaving her homeless and destitute.

38. The sale is wrongful and should be enjoined by virtue of Defendants' fraudulent conduct alleged in this complaint, and by reason of the defective Deed of Trust and Notice of Default resulting from the transactions alleged above, and the recission and cancellation of the Notes and Deeds of Trust as alleged and prayed for in this complaint, and on all the facts alleged in this complaint and incorporated herein. Plaintiff has no other plain, speedy, or adequate remedy, and the injunctive relief prayed for below is necessary and appropriate at this time to prevent irreparable loss to Plaintiff's interests.

DAVID A. ST. JOHN
ATTORNEY AT LAW
235 W. 7TH ST
OXNARD CA 93030-7131
TEL 805.486.8000

**SECOND CAUSE OF ACTION**

**FRAUD**

**(Against all Defendants)**

39. Plaintiff realleges and incorporates by reference the allegations in all paragraphs herein as though fully set forth at this place.

40. Plaintiff is informed and believes that Defendants knew or should have known, at the time the documents were prepared and tendered by Defendants for the subject loan, that it was not possible for Plaintiff, based on Plaintiff's actual ability to pay, to pay the loan, and further that the loan was designed and intended by Defendants to survive only long enough for Defendants to inject the loan into the secondary market where Defendants would be rid of Plaintiff and the loan, and that the worse the loan the more money Defendants made, and that the loan was unconscionable, and that Defendants' representations both express and implied that the loan was viable and that Plaintiff could in fact make the payments were false, and that the true facts known to Defendants were that Defendants were pulling Plaintiff into a wave of bad loans created by Defendants which Defendants knew as of mid-2004 would build into a tsunami of impaired and defaulted mortgages overwhelming Plaintiff, all to prolong Defendants' enormous ill gotten gains for as long as possible until the inevitable collapse of their moneymaking scheme.

41. When Defendants made the above alleged representations to Plaintiff, they knew them to be false and made the representations with the intention to deceive and defraud Plaintiff and to induce Plaintiff to act in reliance on these representations in the manner alleged, or with the expectation that Plaintiff would so act.

42. Plaintiff, at the time these representations were made by Defendants and at the time Plaintiff took the actions herein alleged, was ignorant of the falsity of Defendants' representations and believed them to be true. In reasonable reliance on these representations, Plaintiff was induced to and did sign loan documents. Additionally, the drafting and approval of the loan documents constituted a material representation to the Plaintiff that she *could* make the payments called for in the Note. Had Plaintiff known the actual facts, she would not have taken such action. Plaintiff's reliance on Defendants' representations was justified because Defendants

DAVID A. ST. JOHN
ATTORNEY AT LAW
235 W. 7th ST.
OXNARD CA 93030-7131
TEL 805.486.8000

had represented themselves to be reputable institutional lenders that would not make a loan without first establishing the borrower's actual ability to pay independent of market speculation.

43. As a proximate result of the fraudulent conduct of Defendants as herein alleged, Plaintiff signed loan documents purportedly transferring a security interest in her home that were unrealistic, unreasonable and oppressive for persons in Plaintiff's position in life thereby causing Plaintiff damages, including personal injury damages, according to proof.

44. As a further proximate result of the fraudulent conduct of Defendants as herein alleged, Defendants were unjustly enriched by profits in the transaction derived from Plaintiff, which Defendants should disgorge to Plaintiff according to proof at the time of trial.

45. The aforementioned conduct of Defendants was an intentional misrepresentation, deceit, and concealment of material facts known to Defendants made with intent to deprive Plaintiff of property and legal rights or otherwise causing injury, and was despicable conduct that subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights, so as to justify an award of exemplary and punitive damages.

**THIRD CAUSE OF ACTION**

**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

**(Against all Defendants)**

46. Plaintiff realleges and incorporates by reference the allegations in all paragraphs above as though fully set forth at this place.

47. Plaintiff is financially unsophisticated and vulnerable to the importunities of Defendants who falsely represented themselves as reputable institutional Mortgage Lenders, this relationship giving rise to Defendants' duty to exercise due care towards Plaintiff.

48. Defendants knew, or should have known, that their failure to exercise due care in the performance of their duties would cause Plaintiff severe emotional distress.

49. Defendants' actions and conduct as described herein, constituted breach of duty.

50. As a proximate result of said breach of duty and the consequences proximately caused by it, as hereinabove alleged, Plaintiff suffered severe emotional distress and mental suffering, all to

DAVID A. ST. JOHN
ATTORNEY AT LAW
235 W. 2nd ST
OXNARD CA 93030-7131
TEL 805.486.1000

her damage according to proof.

## FOURTH CAUSE OF ACTION

## NEGLIGENCE

**(Against all Defendants)**

51. Plaintiff realleges and incorporates by reference the allegations in all paragraphs above as though fully set forth at this place.

52. At all times relevant Defendants, acting as Plaintiff's loan brokers and lenders, had a duty to exercise reasonable care and skill in performing their duties for the benefit of Plaintiff, their principal, in the loan transaction.

53. In taking the actions alleged above, and in failing to take the actions as alleged above, Defendants breached their duty of care and skill to Plaintiff in the loan transaction, by among other things, inducing Plaintiff to improperly sign documents by means of false representations, suppressions and concealments, failure to counsel, failure to inform and explain, charging excessive, unconscionable fees, and preparing false financial statements.

54. As a proximate result of Defendants' conduct as set forth above, Plaintiff was damaged in an amount to be proven at trial.

## FIFTH CAUSE OF ACTION

## CONSPIRACY TO VIOLATE THE RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT (RICO)

**(Against all Defendants)**

55. Plaintiff realleges and incorporates by reference the allegations in all paragraphs above as though fully set forth at this place.

56. This cause of action is brought by Plaintiff under the Organized Crime Control Act of 1970, Racketeer Influenced and Corrupt Organizations (RICO) 18 U.S.C. Section 1961, et. seq.

57. Plaintiff is a person within the meaning of 18 U.S.C. Section 1961(3) and 1964(c).

58. All Defendants, in their individual capacities and for their individual interests, at various

DAVID A. ST. JOHN ATTORNEY AT LAW 235 W. 7th ST CONRAD CA 93030-7131 TEL 305.486.8000

times unknown to Plaintiff engaged in the formation and continued operation of a conspiracy with each other to obtain monies from Plaintiff and other real property owners.

59. Upon information and belief and upon such basis Plaintiff alleges that Defendants, through their authorized agents, and by and through their policies that govern their agents and associates, instituted a program of increasing profits by encouraging malicious, egregious, grossly inequitable, willful and deliberate conduct to induce Plaintiff and other real property owners into unlawfully execute false loan documents, promissory notes and deeds of trust, that Defendants and their agents engaged in unlawful business practices and false and predatory lending practices to induce Plaintiff into executing the aforementioned documents, that Defendants and their agents failed to orally disclose the terms of the transactions and counsel their fiduciaries, that Plaintiff was induced into executing these instruments by misrepresentations, fraud and deceit, and that there were additional violations of statutory and non-statutory authority in the execution and delivery of these instruments and due to such acts and omissions, the instruments are null and void.

60. Plaintiff is informed and believes and on such basis alleges that Defendants and each of them conspired together to divest Plaintiff of her property and to be facing destitution, homelessness and penury, all for Defendants' benefit.

61. Plaintiff alleges upon information and belief, all of said Defendants shared a common purpose and engaged in prohibited activities under 18 U.S.C. Sections 1341, 1343, 1503, 1510, and 1511.

62. Plaintiff alleges upon information and belief that the Defendants further conspired against Plaintiff and other real property owners by engaging in a cover up that involved the use of the telephone and the mail. The Defendants, in fact, were an enterprise within the meaning of 18 U.S.C. Sections 1961(4) and 1962(c).

63. Plaintiff alleges upon information and belief, each Defendant was associated with the functioning of the enterprise, the activities of which affected interstate commerce within the meaning of 18 U.S.C. Section 1961(5).

64. Plaintiff alleges upon information and belief, each Defendant conducted or participated,

DAVID A. ST. JOHN
ATTORNEY AT LAW
235 W. 7TH ST
OXNARD CA 93030-7131
TEL 805.486.8000

directly or indirectly, in the conduct of the enterprise's affairs, and conspired to do so, through a pattern of racketeering activity within the meaning of 18 U.S.C. Section 1951(5), including but not limited to: Mail fraud in violation of 18 U.S.C. Section 1341; Wire fraud in violation of 18 U.S.C. Section 1343; and Obstruction of justice in violation of 18 U.S.C. 1503.

65. Plaintiff was injured by the acts of all Defendants in the Complaint and by DOE Defendants 1 through 100, in an amount to be determined at the time of trial.

66. As a proximate result of Defendants' conspiracy to harm Plaintiff and other real property owners and Defendants' wrongful acts carried out pursuant to their conspiracy, Plaintiff has been damaged in an amount to be proved at the time of trial.

67. Plaintiff requests treble damages pursuant to 18 U.S.C. Section 1961, et. seq.

**SIXTH CAUSE OF ACTION**

**VIOLATIONS OF THE FEDERAL TRUTH-IN-LENDING ACT**

**15 U.S.C. SECTION 1601 et. seq.**

**(Against all Defendants)**

68. Plaintiff realleges and incorporates by reference the allegations in all paragraphs above as though fully set forth at this place.

69. This action is filed under the Truth in Lending Act, 15 U.S.C. Sections 1601 et. seq. ("TILA") to enforce Plaintiff's right to cancel consumer transactions, to void any security interest in the Subject Property claimed by Defendants, and to recover reasonable attorney's fees and costs by reason of Defendants' violations of TILA and Regulation Z, 12 C.F.R. 226 et. seq. ("Regulation Z").

70. At all times hereto, Defendants, in the ordinary course of their businesses regularly extended or offered to extend consumer credit for which a finance charge is or may be imposed or by written agreement which is payable in more than four installments.

71. As alleged above, Defendants entered into a consumer credit transaction wherein said Defendants extended to Plaintiff consumer credit in the form of a loan which was subject to a finance charge.

DAVID A. ST. JOHN
ATTORNEY AT LAW
235 W. 7TH ST
OXNARD CA 93030-7131
TEL 805.486.8000

72. As part of the loan, Defendants obtained a security interest in the Subject Property through a Deed of Trust.

73. The loan was subject to Plaintiff's right to rescission as described by Section 125 of TILA (15 U.S.C. Section 1635(a) and Regulation Z Section 226.23(b).

74. In the course of the transaction for the loan, Defendants violated Regulation Z Section 226.23(c) by failing to properly deliver the early Disclosure Statement required by TILA.

75. In the course of the transaction for the loan, Defendants violated 15 U.S.C. Section 1632 by failing to properly make the required material disclosures of the terms of said loans, including but not limited to, Annual Percentage Rate, Finance Charge, and Total Payments etc. to Plaintiff.

76. On information and belief, Defendants' and unidentified successors took beneficial interest, respectively, in the loan and took subject to all of Plaintiffs' claims and defenses under TILA.

77. Because of the above-mentioned violations, Plaintiff has a continuing right to cancel the loan pursuant to 15 U.S.C. Section 1635(a) and Regulation Z 12 C.F.R. Section 226.23(a) (3).

78. As a result of these violations of TILA and Regulation Z, pursuant to Sections 125(a), 129 and 15 U.S.C. Sections 1635(a), 1640(a), Defendants are liable to Plaintiff in their respective loans for Rescission of the loan; Termination of any security interest in the Subject Property created under the Deed of Trust, and their progeny, including the Notices of Default.

**SEVENTH CAUSE OF ACTION**

**VIOLATION OF REAL ESTATE SETTLEMENT**

**PROCEDURES ACT (RESPA)**

**12 U.S.C. SECTION 2601 ET. seq.**

**(Against all Defendants)**

79. Plaintiff realleges and incorporates by reference the allegations in all paragraphs above as though fully set forth at this place.

80. This action is filed under the Real Estate Settlement Procedures Act of 1974 (RESPA), as amended, 12 United States Code section 2601 et. seq.

DAVID A. ST. JOHN
ATTORNEY AT LAW
235 W. 7th ST
OXNARD CA 93030-7131
TEL 805.486.0000

81. At all times hereto, Defendants, in the ordinary course of their businesses regularly serviced consumer loans subject to RESPA.

82. As alleged above, Defendants allegedly entered into a consumer loan transaction and obtained a security interest in the Subject Property by virtue of the Deed of Trust.

83. On information and belief, Defendants and unidentified successors took beneficial interest, respectively, in the loans and took subject to all of Plaintiff's claims and defenses under RESPA.

84. In the course of the transaction for the loan, Defendants violated Section 8(a) of RESPA which prohibits both the giving and acceptance of "any fee, kickback, or thing of value pursuant to any agreement or understanding, oral or otherwise, that business incident to or a part of a real estate settlement service…shall be referred to any person" [12 U.S.C. Section 2607(a)], including but not limited to, by unnecessarily driving up settlement costs, by failing to disclose business relationships between service providers, by failing to properly follow notice of transfer provisions, by failing to properly inform Plaintiff about all closing costs.

85. As a proximate result of Defendants' violations of RESPA, Plaintiff was injured in an amount to be determined at time of trial.

86. Plaintiff requests treble damages pursuant to RESPA.

**EIGHTH CAUSE OFACTION**

**FOR CANCELLATION BASED ON FRAUD AND**

**IMPOSSIBILITY OF PERFORMANCE**

**(Against all Defendants)**

87. Plaintiff realleges and incorporates by reference the allegations in all paragraphs above as though fully set forth at this place.

88. Because Plaintiff lacked ability to perform the loan as alleged herein and Defendants fabricated and submitted falsified loan application documents, and Defendants did not intend to enter into a viable loan transaction with Plaintiff, any loan contracts or Promissory Notes entered into are null and void from their inception based on impossibility of performance, a material and

DAVID A. ST. JOHN
ATTORNEY AT LAW
235 W. 7th ST
OXNARD CA 93030-7131
TEL 805.486.8000

substantial circumstance Defendants in fact created at time of contract.

89. Because the loan contracts and Promissory Notes are null and void, Plaintiff seeks to cancel the subject Deed of Trusts.

**NINTH CAUSE OF ACTION**

**QUIET TITLE**

**(Against all Defendants)**

90. Plaintiff realleges and incorporates by reference the allegations in all paragraphs above as though fully set forth at this place.

91. The foreclosure of the Subject Property is wrongful and should be voided by virtue of Defendants' fraudulent conduct alleged in this complaint, and by reason of the defective Deeds of Trust and the cancellation of the Notes and Deeds of Trust as alleged and prayed for in this complaint, and on all the facts alleged in this complaint and incorporated herein.

92. Plaintiff seeks to quiet title in the Subject Property as to each Defendant, and that each such Defendant has no right, title, estate, lien, or interest in the Subject Property or any part of it, adverse to Plaintiffs, or at all.

**TENTH CAUSE OF ACTION**

**TENTH CAUSE OF ACTION – SLANDER OF TITLE**

**(Against all Defendants)**

93. Plaintiffs reallege and incorporate by reference the allegations in all paragraphs above as though fully set forth at this place.

94. The tort of Slander of Title involves the action of one who, without a privilege or without justification to do so, publishes matter which is untrue and disparaging to another's property in land.

95. RECONTRUST, purportedly acting as the agent of the current but unascertained beneficiary of the Deed of Trust identified merely as a MERS for the loan wrongfully and without privilege, caused a Notice of Default to be recorded against the Property.

DAVID A. ST. JOHN
ATTORNEY AT LAW
235 W. 7TH ST
OXNARD CA 93030-7131
TEL 605.486.8030

96. None of the Defendants, whether jointly or severally, are a beneficiary or assignee of any beneficiary of any Deed of Trust recorded against the Property.

97. Pursuant to, among others, California Civil Code section 2924(c) only the beneficiary of a Deed of Trust or a beneficiary's assignee or the agent of a beneficiary or its assignee may cause to be recorded against real property either a Notice of Default or a Notice of Trustee's Sale.

98. By doing the acts described, above, Defendants slandered Plaintiffs' title to the Subject Property.

99. In that the conduct and acts of Defendants violated, among others, California Civil Code section 2924(c) such conduct and acts were not privileged.

100. The conduct of Defendants caused Plaintiffs to suffer damages in an amount to be proven at trial.

101. Because Plaintiffs' damages were the result of the unprotected and unlawful conduct and acts of Defendants, Plaintiffs are entitled to recover damages in an amount to be proven at trial against Defendants, and each of them.

**WHEREFORE,** Plaintiffs prays for judgment against Defendants, as follows:

**ON THE FIRST CAUSE OF ACTION FOR INJUNCTIVE RELIEF:**

1. That the Court issue a temporary restraining order, preliminary injunction, and permanent injunction restraining Defendants, and their agents, attorneys, successors, and representatives, and all persons acting in concert or participating with them, from selling, attempting to sell, or causing to be sold the Subject Property either under the power of sale in the Deeds of Trust or by foreclosure action.

**ON THE SECOND CAUSE OF ACTION FOR FRAUD:**

1. For damages according to proof;
2. For exemplary and punitive damages, according to proof;
3. For costs of suit incurred herein; and
4. For such other and further relief as the Court deems just and proper.

**ON THE THIRD CAUSE OF ACTION FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS:**

DAVID A. ST. JOHN
ATTORNEY AT LAW
235 W. 7TH ST
OXNARD CA 93030-7131
TEL 805.486.8000

1. For damages according to proof;
2. For general damages;
3. For costs of suit incurred herein; and
4. For such other and further relief as the Court deems just and proper.

**ON THE FOURTH CAUSE OF ACTION FOR NEGLIGENCE:**

1. For damages according to proof;
2. For general damages;
3. For interest at the legal rate according to proof;
4. For costs of suit incurred herein; and
5. For such other and further relief as the Court deems just and proper.

**ON THE FIFTH CAUSE OF ACTION CONSPIRACY TO VIOLATE THE RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT (RICO):**

1. For damages according to proof;
2. Plaintiffs request treble damages pursuant to 18 U.S.C. Section 1961, et. seq.
3. For costs of suit incurred herein; and
4. For such other and further relief as the Court deems just and proper.

**ON THE SIXTH CAUSE OF ACTION FOR VIOLATION OF THE TILA:**

1. Rescission of the loan;
2. An order directing Defendants to take all actions necessary to terminate any security interest in the Subject Property created under the loan, and that the Court declare the security interest void, and for an order directing Defendants to take all actions necessary to cancel and rescind the Notice of Default flowing from said void security interest;
3. Any statutory or actual damages available under TILA;
4. Reasonable attorney's fees and costs as provided under 15 U.S.C. Section 1640(a).

**ON THE SEVENTH CAUSE OF ACTION UNDER RESPA:**

1. For damages according to proof;
2. Plaintiffs request treble damages pursuant to 12 U.S.C. 2607(d)(2);
3. For any statutory damages available under RESPA;

DAVID A. ST. JOHN
ATTORNEY AT LAW
235 W. 7TH ST
OXNARD CA 93030-7131
TEL 805.486.9500

4. For attorney's fees under RESPA;

5. For costs of suit incurred herein; and

6. For such other and further relief as the Court deems just and proper.

**ON THE EIGHTH CAUSE OF ACTION FOR CANCELLATION BASED ON IMPOSSIBILITY:**

1. That this Court enter an order and judgment declaring that the loan, including the Note and Deed of Trust are void; and

2. For such other and further relief as the Court deems just and proper.

**ON THE NINTH CAUSE OF ACTION FOR QUIET TITLE:**

1. That any deeds of trust or other instruments by which Defendants claim any interest in the Subject Property be voided;

2. That Plaintiff have quiet title in the Subject Property as to each Defendant, and that each such Defendant has no right, title, estate, lien, or interest in the Subject Property or any part of it, adverse to Plaintiff, or at all; and

3. For such other and further relief as the Court deems just and proper.

**ON THE TENTH CAUSE OF ACTION FOR SLANDER OF TITLE:**

1. For special damages according to proof;

2. For general damages according to proof;

3. For such other and further relief as the Court deems just and proper.

Dated: October 8, 2008

LAW OFFICES OF DAVID A. ST. JOHN

By: [signature]
DAVID A. ST. JOHN
Attorney for Plaintiff
EVA L. WATTS

DAVID A. ST. JOHN
ATTORNEY AT LAW
235 W. 7TH ST
OXNARD CA 93030-7131
TEL 805.486.8000

**REQUEST FOR TRIAL BY JURY**

**Plaintiffs requests that the trial in this case be by jury**

Dated: October 8, 2008

LAW OFFICES OF DAVID A. ST. JOHN

By: ______________________
DAVID A. ST. JOHN
Attorney for Plaintiff
EVA L. WATTS

DAVID A. ST. JOHN
ATTORNEY AT LAW
235 W. 7TH ST
OXNARD CA 93030-7131
TEL 805.486.8000

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS: 500 Third Avenue<br>MAILING ADDRESS: 500 Third Avenue<br>CITY AND ZIP CODE: Chula Vista, CA 91910-5649<br>BRANCH NAME: South County<br>TELEPHONE NUMBER: (619) 746-6071 | |
| PLAINTIFF(S) / PETITIONER(S): Eva L Watts | |
| DEFENDANT(S) / RESPONDENT(S): Decision One Mortgage Co. LLc et.al. | |
| WATTS VS. DECISION ONE MORTGAGE CO, LLC | |
| **NOTICE OF CASE ASSIGNMENT** | CASE NUMBER:<br>37-2008-00073685-CU-BT-SC |

Judge: William S. Cannon

Department: S-04

**COMPLAINT/PETITION FILED:** 10/09/2008

**CASES ASSIGNED TO THE PROBATE DIVISION ARE NOT REQUIRED TO COMPLY WITH THE CIVIL REQUIREMENTS LISTED BELOW**

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT).

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

**TIME STANDARDS:** The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil consists of all cases except: Small claims appeals, petitions, and unlawful detainers.

**COMPLAINTS:** Complaints must be served on all named defendants, and a CERTIFICATE OF SERVICE (SDSC CIV-345) filed within 60 days of filing. This is a mandatory document and may not be substituted by the filing of any other document.

**DEFENDANT'S APPEARANCE:** Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than a 15 day extension which must be in writing and filed with the Court.)

**DEFAULT:** If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service.

THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO LITIGATION, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. MEDIATION SERVICES ARE AVAILABLE UNDER THE DISPUTE RESOLUTION PROGRAMS ACT AND OTHER PROVIDERS. SEE ADR INFORMATION PACKET AND STIPULATION.

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION PURSUANT TO CCP 1141.10 AT THE CASE MANAGEMENT CONFERENCE. THE FEE FOR THESE SERVICES WILL BE PAID BY THE COURT IF ALL PARTIES HAVE APPEARED IN THE CASE AND THE COURT ORDERS THE CASE TO ARBITRATION PURSUANT TO CCP 1141.10. THE CASE MANAGEMENT CONFERENCE WILL BE CANCELLED IF YOU FILE FORM SDSC CIV-359 PRIOR TO THAT HEARING

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 500 Third Avenue<br>MAILING ADDRESS: 500 Third Avenue<br>CITY, STATE, & ZIP CODE: Chula Vista, CA 91910-5649<br>BRANCH NAME: South County | |
| PLAINTIFF(S): Eva L Watts | |
| DEFENDANT(S): Decision One Mortgage Co, LLc et.al. | |
| SHORT TITLE: WATTS VS. DECISION ONE MORTGAGE CO, LLC | |
| **STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION PROCESS (CRC 3.221)** | CASE NUMBER: 37-2008-00073685-CU-BT-SC |

Judge: William S. Cannon Department: S-04

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution process. Selection of any of these options will not delay any case management time-lines.

- ☐ Court-Referred Mediation Program
- ☐ Private Neutral Evaluation
- ☐ Private Mini-Trial
- ☐ Private Summary Jury Trial
- ☐ Private Settlement Conference with Private Neutral
- ☐ Court-Ordered Nonbinding Arbitration
- ☐ Court-Ordered Binding Arbitration (Stipulated)
- ☐ Private Reference to General Referee
- ☐ Private Reference to Judge
- ☐ Private Binding Arbitration
- ☐ Other (specify): ____________________

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) ____________________

Alternate: (mediation & arbitration only) ____________________

Date: ____________________ Date: ____________________

Name of Plaintiff Name of Defendant

Signature Signature

Name of Plaintiff's Attorney Name of Defendant's Attorney

Signature Signature

(Attach another sheet if additional names are necessary). It is the duty of the parties to notify the court of any settlement pursuant to California Rules of Court, 3.1385. Upon notification of the settlement the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court and all un-served, non-appearing or actions by names parties are dismissed.

**IT IS SO ORDERED.**

Dated: 10/09/2008 ____________________
JUDGE OF THE SUPERIOR COURT

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

CASE NUMBER: 37-2008-00073685-CU-BT-SC CASE TITLE: Watts vs. Decision One Mortgage Co, LLc

## NOTICE TO LITIGANTS/ADR INFORMATION PACKAGE

You are required to serve a copy of this Notice to Litigants/ADR Information Package and a copy of the blank Stipulation to Alternative Dispute Resolution Process (received from the Civil Business Office at the time of filing) with a copy of the Summons and Complaint on all defendants in accordance with San Diego Superior Court Rule 2.1.5, Division II and CRC Rule 201.9.

## ADR POLICY

It is the policy of the San Diego Superior Court to strongly support the use of Alternative Dispute Resolution ("ADR") in all general civil cases. The court has long recognized the value of early case management intervention and the use of alternative dispute resolution options for amenable and eligible cases. The use of ADR will be discussed at all Case Management Conferences. It is the court's expectation that litigants will utilize some form of ADR – i.e. the court's mediation or arbitration programs or other available private ADR options as a mechanism for case settlement before trial

## ADR OPTIONS

**1) CIVIL MEDIATION PROGRAM:** The San Diego Superior Court Civil Mediation Program is designed to assist parties with the early resolution of their dispute. All general civil independent calendar cases, including construction defect, complex and eminent domain cases are eligible to participant in the program. Limited civil collection cases are not eligible at this time. San Diego Superior Court Local Rule 2.31, Division II addresses this program specifically. Mediation is a non- binding process in which a trained mediator 1) facilitates communication between disputants, and 2) assists parties in reaching a mutually acceptable resolution of all or part of their dispute. In this process, the mediator carefully explores not only the relevant evidence and law, but also the parties' underlying interests, needs and priorities. The mediator is not the decision-maker and will not resolve the dispute – the parties do. Mediation is a flexible, informal and confidential process that is less stressful than a formalized trial. It can also save time and money, allow for greater client participation and allow for more flexibility in creating a resolution.

**Assignment to Mediation, Cost and Timelines:** Parties may stipulate to mediation at any time up to the CMC or may stipulate to mediation at the CMC. Mediator fees and expenses are split equally by the parties, unless otherwise agreed. Mediators on the court's approved panel have agreed to the court's payment schedule for county-referred mediation: $150.00 per hour for each of the first two hours and their individual rate per hour thereafter. Parties may select any mediator, however, the court maintains a panel of court-approved mediators who have satisfied panel requirements and who must adhere to ethical standards. All court-approved mediator fees and other policies are listed in the Mediator Directory at each court location to assist parties with selection. **Discovery:** Parties do not need to conduct full discovery in the case before mediation is considered, utilized or referred. **Attendance at Mediation:** Trial counsel, parties and all persons with full authority to settle the case must personally attend the mediation, unless excused by the court for good cause.

**2) JUDICIAL ARBITRATION:** Judicial Arbitration is a binding or non-binding process where an arbitrator applies the law to the facts of the case and issues an award. The goal of judicial arbitration is to provide parties with an adjudication that is earlier, faster, less formal and less expensive than trial. The arbitrator's award may either become the judgment in the case if all parties accept or if no trial de novo is requested within the required time. Either party may reject the award and request a trial de novo before the assigned judge if the arbitration was non-binding. If a trial de novo is requested, the trial will usually be scheduled within a year of the filing date.

**Assignment to Arbitration, Cost and Timelines:** Parties may stipulate to binding or non-binding judicial arbitration or the judge may order the matter to arbitration at the case management conference, held approximately 150 days after filing, if a case is valued at under $50,000 and is "at issue". The court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. In addition, if parties select an arbitrator from the court's panel, the court will pay the arbitrator's fees. Superior Court

**3) SETTLEMENT CONFERENCES:** The goal of a settlement conference is to assist the parties in their efforts to negotiate a settlement of all or part of the dispute. Parties may, at any time, request a settlement conference before the judge assigned to their case; request another assigned judge or a pro tem to act as settlement officer; or may privately utilize the services of a retired judge. The court may also order a case to a mandatory settlement conference prior to trial before the court's assigned Settlement Conference judge.

**4) OTHER VOLUNTARY ADR:** Parties may voluntarily stipulate to private ADR options outside the court system including private binding arbitration, private early neutral evaluation or private judging at any time by completing the "Stipulation to Alternative Dispute Resolution Process" which is included in this ADR package. Parties may also utilize mediation services offered by programs that are partially funded by the county's Dispute Resolution Programs Act. These services are available at no cost or on a sliding scale based on need. For a list of approved DRPA providers, please contact the County's DRPA program office at (619) 428-3200.

**ADDITIONAL ADR INFORMATION:** For more information about the Civil Mediation Program, please contact the Civil Mediation Department at (619) 515-8908. For more information about the Judicial Arbitration Program, please contact the Arbitration Office at (619) 531-3818. For more information about Settlement Conferences, please contact the Independent Calendar department to which your case is assigned. Please note that staff can only discuss ADR options and cannot give legal advice.

**BRYAN CAVE LLP**
Stuart W. Price, California Bar No. 125918
stuart.price@bryancave.com
Paula L. Zecchini, California Bar No. 238731
paula.zecchini@bryancave.com
3161 Michelson Dr., Suite 1500
Irvine, California 92612-4414
Telephone: (949) 223-7000
Facsimile: (949) 223-7100

Attorneys for Defendants
COUNTRYWIDE HOME LOANS, INC.;
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF SAN DIEGO (SOUTH COUNTY)**

EVA L. WATTS ,

Plaintiff,

vs.

DECISION ONE MORTGAGE COMPANY, LLC; COUNTRYWIDE HOME LOANS; SAXON MORTGAGE SERVICES, INC.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; and DOES 1-100, Inclusive,

Defendants.

Case No. 37-2008-00073685-CU-BT-SC

Assigned to the Hon. William S. Cannon
Department S-04

**NOTICE TO ADVERSE PARTIES AND STATE COURT OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT**

Complaint Filed: October 9, 2008
Trial Date: Not Assigned

TO ALL PARTIES, THEIR ATTORNEYS OF RECORD, AND THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE, pursuant to 28 U.S.C. § 1446(d), that Defendants Countrywide Homes Loans, Inc. and Mortgage Electronic Registration Systems, Inc. have filed a Notice of Removal with the United States District Court for the Southern District of California for the purpose of removing this action to federal court. A copy of the Notice of Removal is attached as Exhibit 1.

Pursuant to 28 U.S.C. § 1446(d), this Court may proceed no further unless and until the case is remanded.

Dated: January 12, 2009

BRYAN CAVE LLP
Stuart W. Price
Paula L. Zecchini

By: [signature]
Paula L. Zecchini
Attorneys for Defendants
COUNTRYWIDE HOME LOANS;
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

IR01DOCS390498.1

2

NOTICE TO ADVERSE PARTIES AND STATE COURT OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

32

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

FILED 09 JAN 12 PM 2:11

**I. (a) PLAINTIFFS**
Eva L. Watts

**DEFENDANTS**
Decision One Mortgage Company, LLC; Countrywide Home Loans; Saxon Mortgage Services, Inc.; Mortgage Electronic Registration Systems, Inc.

**(b)** County of Residence of First Listed Plaintiff San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

CLERK, U.S. DISTRICT COURT BY: DEPUTY

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
David A. St. John
Emmanuel F. Fobi
235 West Seventh Street
Oxnard, CA 93030-7131
(805) 486-8000

Attorneys (If Known)
Paula L. Zecchini
BRYAN CAVE LLP
3161 Michelson Drive, Suite 1500
Irvine, CA 92612-4414
(949) 223-7000

'09 CV 0043 JM BLM

VIA FAX

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff (For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☒ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury— Med. Malpractice
- ☐ 365 Personal Injury — Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence

Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus – Alien Detainee
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

**V. ORIGIN** (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing **(Do not cite jurisdictional statutes unless diversity):**
18 U.S.C. Section 1961, et seq.; 15 U.S.C. Section 1601, et seq.; 12 U.S.C. Section 2601, et seq.

Brief description of cause:
Alleged violations of Racketeer Influenced and Corrupt Organizations Act (RICO); Truth and Lending Act (TILA), including Regulation Z, Sections 226.7 and 226.18; Real Estate Settlement Procedures Act (RESPA)

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 **DEMAND $**
CHECK YES only if demanded in complaint: **JURY DEMAND:** ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE ______ DOCKET NUMBER ______

DATE
January 12, 2009

SIGNATURE OF ATTORNEY OF RECORD
[signature]

FOR OFFICE USE ONLY
RECEIPT # 158904 AMOUNT $350 APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

American LegalNet, Inc. www.FormsWorkflow.com

[handwritten initials] 1/12/09

UNITED STATES
DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

# 158904 - TC

January 12, 2009
14:12:23

Civ Fil Non-Pris
USAO #.: 09CV0043
Judge..: JEFFREY T MILLER
Amount.: $350.00 CK
Check#.: 10177

Total-> $350.00

FROM: WATTS VS DECISION ONE MARTGAGE