1
2
3
4
5
6
7
8          **UNITED STATES DISTRICT COURT**
9          **SOUTHERN DISTRICT OF CALIFORNIA**
10

11    EVA L. WATTS,                                CASE NO. 09 CV 0043 JM (BLM)

12                                Plaintiff,       **ORDER GRANTING MOTION TO DISMISS BY DEFENDANTS COUNTRYWIDE HOME LOANS, INC., MORTGAGE ELECTRONIC REGISTRATION SERVICES, INC., and SAXON MORTGAGE SERVICES, INC.**

13           vs.

14

15    DECISION ONE MORTGAGE COMPANY, LLC; COUNTRYWIDE HOME LOANS; SAXON MORTGAGE SERVICES, INC.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,     Doc. No. 5

16

17

18                                Defendants.

19

20          On October 9, 2008, Plaintiff Eva L. Watts ("Plaintiff") originally filed a complaint in the

21    Superior Court of the State of California, County of San Diego, raising claims arising out of a

22    mortgage loan transaction. (Doc. No. 1, Exh. A, "Complaint.")  The proceeds of the loan were used

23    to purchase Plaintiff's principal dwelling (the "Property"), which is now subject to nonjudicial

24    foreclosure .  Following service of the Summons and Complaint, Defendant Countrywide Home

25    Loans, Inc. ("Countrywide") timely removed the action to federal court on January 12, 2009. (Doc.

26    No. 1.)   On January 20, 2009, Defendants Countrywide and Mortgage Electronic Registration

27    Systems, Inc. ("MERS") submitted the pending motion to dismiss under Fed.R.Civ.P. ("Rule")

28    12(b)(6). ("Mot.," Doc. No. 5.) Defendant Saxon Mortgage Services, Inc. ("Saxon" and collectively

with Countrywide and MERS, "Defendants") joined the motion by notice dated January 30, 2009.[1] (Doc. No. 7.)  It does not appear Defendant Decision One Mortgage Company ("Decision One") has been served in this action.

Under the Civil Local Rules, Plaintiff's response to the motion was due on or before February 6, 2009.  See Civ.L.R. 7.1(e)(2).  To date, Plaintiff has neither filed an opposition nor sought additional time to do so.  On February 11, 2009, Defendants filed a reply requesting the motion be granted based on Plaintiff's non-opposition.  (Doc. No. 9.)  When an opposing party does not file papers in the manner required by Civ.L.R. 7.1(d)(2), the court may deem the failure to "constitute a consent to the granting of a motion or other request for ruling by the court."  Civ.L.R. 7.1(f)(3)(c).  Notwithstanding Plaintiff's failure to respond, the court reviews the motion on the merits to ensure dismissal is appropriate.  Pursuant to Civ.L.R. 7.1(d), the matter was taken under submission by the court on February 20, 2009.

//

**<u>Discussion</u>**

According to the Complaint, Decision One offered Plaintiff a home mortgage loan to finance the purchase of the Property and the loan closed on August 7, 2006.  (Compl. at ¶¶ 12, 26.)  Plaintiff later defaulted on the loan, leading to entry of a Notice of Default on September 2, 2008.  (Compl. at ¶ 35.)  The present status of any pending or completed sale is unclear from the parties' submissions.  Plaintiff assert federal causes of action under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 et seq. ("RICO"), the Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA"), and the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 et seq. ("RESPA").  Plaintiff also raises state law claims to quiet title and for fraud, negligent infliction of emotional distress, negligence, cancellation based on impossibility, and slander of title.  Plaintiff seeks injunctive relief (labeled as a "first cause of action"), damages, attorneys' fees and costs, declaration that the loan and Deed of Trust are null and void, and rescission.

//

---

[1]To the extent Countrywide and MERS offer general arguments in their motion to dismiss, such arguments are construed as having been made by Countrywide, MERS, and Saxon.

09cv0043

I.  Legal Standards

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the pleadings.  De La Cruz v. Tormey, 582 F.2d 45, 48 (9th Cir. 1978).  In evaluating the motion, the court must construe the pleadings in the light most favorable to the plaintiff, accepting as true all material allegations in the complaint and any reasonable inferences drawn therefrom.  See, e.g., Broam v. Bogan, 320 F.3d 1023, 1028 (9th Cir. 2003).  While Rule 12(b)(6) dismissal is proper only in "extraordinary" cases, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level...."  U.S. v. City of Redwood, 640 F.2d 963, 966 (9th Cir. 1981); Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) (allegations must provide "plausible grounds to infer" that plaintiff is entitled to relief).  The court should grant 12(b)(6) relief only if the complaint lacks either a "cognizable legal theory" or facts sufficient to support a cognizable legal theory.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

Where a plaintiff sues multiple defendants and sets forth multiple causes of action, he "must allege the basis of his claim against each defendant to satisfy Federal Rule of Civil Procedure 8(a)(2), which requires a short and plain statement of the claim to put defendants on sufficient notice of the allegations against them."  Gauvin v. Trombatore, 682 F.Supp. 1067, 1071 (N.D.Cal. 1988).  Even absent other pleading deficiencies, such "confusion of which claims apply to which defendants would require that the complaint be dismissed with leave to file an amended complaint."  Gen-Probe, Inc. v. Amoco Corp., 926 F.Supp. 948, 961 (S.D.Cal. 1996)(citing Gauvin, 682 F.Supp. at 1071.) "Specific identification of the parties to the activities alleged is required...to enable the defendant[s] to plead intelligently."  Van Dyke Ford, Inc. v. Ford Motor Co., 399 F.Supp. 277, 284 (E.D.Wis. 1975).

//

II.  Analysis

A.  *Failure of the Pleadings to Allege Facts Sufficient to Survive a Rule 12(b)(6) Motion to Dismiss*

As a first consideration, as Defendants note, the Complaint relates almost no facts demonstrating any wrongs by particular defendants, but rather ascribes nearly all allegations collectively to "Defendants."  Outside the section identifying the parties, Countrywide is mentioned

1   only as assignee of a "beneficial interest" in the loan and having "approved loans with higher and

2   higher debt-to-income...ratios" to "expand market share." (Compl. at ¶¶ 24, 35.) MERS is mentioned

3   only once, as "the current but unascertained beneficiary of the Deed of Trust." (Compl. at ¶ 95.)

4   These averments are insufficient to state a claim on Plaintiff's behalf. Further, Plaintiff has not

5   specified which *claims* are brought against which defendants for what conduct. Rather, Plaintiff

6   simply asserts all defendants are acting in concert and therefore alleges all claims indiscriminately.

7   This "shotgun" approach does not meet the Rule 8 pleading standard. While this failing alone

8   warrants dismissal of the Complaint, the motion's substantive arguments are addressed in the

9   following sections.

10   *B. RICO and Fraud*

11     Countrywide and MERS argue Plaintiff's fraud and RICO causes of action must be dismissed

12   because they have not been pled with particularity with respect to any defendants, as required by Rule

13   9(b). (Mot. at 7-10.) The court agrees.

14     "Rule 9(b)'s particularity requirement applies to state-law causes of action." <u>Vess v. Ciba-</u>

15   <u>Geigy Corp. USA</u>, 317 F.3d 1097, 1103 (9th Cir. 2003). On a claim for fraud, then, a "pleading is

16   sufficient under rule 9(b) if it identifies the *circumstances* constituting fraud so that a defendant can

17   prepare an adequate answer from the allegations." <u>Moore v. Kayport Package Express, Inc.</u>, 885 F.2d

18   531, 540 (9th Cir. 1989)(citations omitted). "While statements of the time, place and nature of the

19   alleged fraudulent activities are sufficient, mere conclusory allegations of fraud" are not. <u>Id.</u> Further,

20   Rule 9(b) requires a plaintiff to attribute particular fraudulent statements or acts to individual

21   defendants. <u>Id.</u> Here, Plaintiff has not identified any particular statements or misrepresentations,

22   much less linked them to specific defendants.

23     A claim under RICO must also satisfy Rule 9(b)'s particularity requirements. In her RICO

24   claim, brought under 18 U.S.C. § 1962(c), Plaintiff alleges Defendants were involved in "racketeering

25   activity" by virtue of their allegedly collusive participation in indictable activities including mail fraud

26   (18 U.S.C. § 1341), wire fraud (§ 1343), obstruction of justice (§ 1503), obstruction of criminal

27   investigations (§ 1510), and obstruction of State or local law enforcement (§ 1511). <u>See</u> 18 U.S.C.

28   § 1961(B). However, Plaintiff's Complaint is completely void of factual support for these wildly

broad, conclusory, and largely irrelevant statements. "To state a claim under 18 U.S.C. § 1962(c), a plaintiff must allege '(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.'" Odom v. Microsoft Corp., 486 F.3d 541, 547 (9th Cir. 2007)(quoting Sedima, S.P.R.L. v. Imprex Co., 473 U.S. 479, 496 (1985). Citation of random statutory language does not a viable claim make. Plaintiff's allegations do not state a claim for relief and do not meet the Rule 9(b) particularity standard.

Plaintiff's RICO and fraud causes of action are therefore dismissed without prejudice as to all defendants.

*C. TILA and RESPA*

Plaintiff alleges Defendants failed to provide her with the required early Disclosure Statement under 12 C.F.R. § 226 ("Regulation Z"), and did not properly disclose material loan terms, including applicable finance charges, interest rate, and total payments as required by 15 U.S.C. § 1632. (Compl. at ¶¶ 74-75.) Plaintiff seeks rescission of the mortgage loan as well as damages and attorneys' fees. (Compl. at ¶ 78, p. 19.).

Plaintiff's request for damages relating to improper disclosures under TILA is subject to a one-year statute of limitations, typically running from the date of loan execution. See 15 U.S.C. §1640(e) (any claim under this provision must be made "within one year from the date of the occurrence of the violation."). Plaintiff alleges the loan closed on August 7, 2006. (Compl. at ¶ 12.) The instant suit was not filed until October 9, 2008, well over two years later. (Compl. Summons.)

The Ninth Circuit has held equitable tolling of civil damages claims brought under TILA may be appropriate "in certain circumstances," such as when a borrower might not have had a reasonable opportunity to discover the nondisclosures at the time of loan consummation. King v. State of California, 784 F.2d 910, 915 (9th Cir. 1986). Courts then have discretion to "adjust the limitations period accordingly." Id. The applicability of equitable tolling often depends on matters outside the pleadings. Supermail Cargo, Inc. v. U.S., 68 F.3d 1204, 1206 (9th Cir. 1995) (citing Cervantes v. City of San Diego, 5 F.3d 1273, 1276 (9th Cir. 1993). Therefore, the determination "is not generally amenable to resolution on a Rule 12(b)(6) motion." Id. Here, however, not only has Plaintiff failed to state relevant facts to support a TILA claim, she has not demonstrated any entitlement to equitable

1    tolling.  For these reasons, Plaintiff's claim for damages under TILA is dismissed with prejudice as
2    to all defendants.

3         Defendants argue Plaintiff's request for rescission under TILA, 15 U.S.C. § 1635, fails as a
4    matter of law because, as an assignee, Countrywide could only be liable "if violations of TILA are
5    apparent on the face of the loan documents."  15 U.S.C. § 1641; (Mot. at 12-13.)  Plaintiff's purported
6    right to rescission does flow as against any assignee.  15 U.S.C. § 1641(c) ("Any consumer who has
7    the right to rescind a transaction under section 1635...may rescind the transaction as against any
8    assignee of the obligation.").  In addition, assessment of the facial sufficiency of the loan documents
9    is a question of fact inappropriate for a Rule 12(b)(6) motion to dismiss, particularly where such
10   documents are not properly before the court.  This argument is moot, however, because Plaintiff's
11   claim is fatally flawed.  Under 15 U.S.C. § 1635(e),"residential mortgage transactions" are excluded
12   from the three-year right of rescission.  A "residential mortgage transaction" is defined by 15 U.S.C.
13   § 1602(w) to include "a mortgage, deed of trust, ... or equivalent consensual security
14   interest...created...against the consumer's dwelling to finance the acquisition...of such dwelling."
15   Thus, while home equity loans and refinancing transactions would be amenable to rescission,
16   Plaintiff's purchase money mortgage is not.  Plaintiff's TILA rescission claim is therefore dismissed
17   with prejudice as to all defendants.

18        In her RESPA claim, Plaintiff alleges Defendants violated section 8(a), 12 U.S.C. § 2607(a),
19   by giving and accepting improper fees or kickbacks, by "driving up settlement costs, by failing to
20   disclose business relationships between service providers, by failing to properly follow notice of
21   transfer provisions, [and] by failing to properly inform Plaintiff about all closing costs."  (Compl. at
22   ¶ 84.)  Although Countrywide and MERS protest the sufficiency of the allegations (Mot. at 13-14),
23   Plaintiff's claim fails for a more basic reason – she faces yet another procedural bar.  Plaintiff's
24   RESPA section 8 claim is precluded by the applicable one-year statute of limitations under 12 U.S.C.
25   § 2614 and is hereby dismissed with prejudice as to all defendants.

26   *D. Negligence and Negligent Infliction of Emotional Distress*

27        "Negligent infliction of emotional distress is not an independent tort; it is the tort of negligence
28   to which the traditional elements of duty, breach of duty, causation, and damages apply."  <u>Ess v.</u>

1   Eskaton Properties, Inc., 97 Cal.App.4th 120, 126 (2002)(citing Marlene F. v Affiliated Psychiatric

2   Med. Clinic, Inc., 48 Cal.3d 583, 588 (1989)).  For both causes of action, then, a plaintiff must allege

3   a valid legal duty owed by the defendants.  Here, Plaintiff argues Defendants owed her a "duty...of

4   due care," and in particular, a "duty to exercise reasonable care and skill in performing their duties"

5   for *her* benefit.  (Compl. at ¶¶ 47, 52.)  Generally, barring an assumption of duty or a special

6   relationship, "financial institutions owe no duty of care to a borrower when the institution's

7   involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender

8   of money."  Nymark v. Heart Fed. Sav. & Loan Ass'n, 231 Cal.App.3d 1089, 1096 (1991).  Although

9   California law imposes a fiduciary duty on a mortgage *broker* for the benefit of the borrower, no such

10  duty is imposed on a lender.  UMET Trust v. Santa Monica Med. Inv. Co., 140 Cal.App.3d 864, 872-

11  73 (1983); Price v. Wells Fargo Bank, 213 Cal.App.3d 465, 476 (1989)(citing Downey v. Humphreys,

12  102 Cal.App.2d 323, 332 (1951))("'A debt is not a trust and there is not a fiduciary relation between

13  debtor and creditor as such.'  The same principle should apply with even greater clarity to the

14  relationship between a bank and its loan customers.").  Plaintiff characterizes Countrywide as a

15  "lender and/or loan servicer" and does not allege MERS acted as a mortgage broker.  (Compl. at ¶¶

16  3-4.)  In fact, all defendants are collectively referred to as "Mortgage Lenders" throughout the

17  Complaint.  Plaintiff has not alleged any duty for Countrywide or MERS that has been imposed by

18  law, assumed by the defendants, or created by a special relationship with Plaintiff.  Thus, Plaintiff's

19  claims for negligence and negligent infliction of emotional distress are dismissed without prejudice

20  as to Countrywide and MERS only.

21      *E.  Quiet Title and Slander of Title*

22          Plaintiff seeks to quiet title in the property as against each defendant, and argues "[t]he

23  foreclosure of the Subject Property is wrongful and should be voided by virtue of Defendants'

24  fraudulent conduct...and by reason of the defective Deeds of Trust."  (Compl. at ¶ 91.)  In order to

25  adequately allege a cause of action to quiet title, a plaintiff's pleadings must include a description of

26  "[t]he title of the plaintiff as to which a determination...is sought and the basis of the title..." and "[t]he

27  adverse claims to the title of the plaintiff against which a determination is sought."  Cal. Code Civ.

28  Proc. § 761.020.  A plaintiff is required to name the "specific adverse claims" that form the basis of

the property dispute.  See Cal. Code Civ. Proc. § 761.020, cmt. at ¶ 3.  None of Plaintiff's allegations show any adverse claims; the recorded Notices do not affect Plaintiff's title, ownership, or possession in the Property.  As discussed herein, Plaintiff has not adequately alleged any fraudulent conduct which might serve as a basis for the cause of action.  Finally, in California, a quiet title pleading must be verified through a sworn statement; Plaintiff's Complaint is unverified.  The cause of action to quiet title is therefore dismissed without prejudice as to all defendants.

In her "slander of title" claim, Plaintiff avers Defendants "wrongfully and without privilege" caused recordation of the Notice of Default, in violation of Cal. Civ. Code § 2924.[2]  (Compl. at ¶¶ 95-98.)  Slander of title is a "tortious injury to property resulting from unprivileged, false, malicious publication of disparaging statements regarding the title to property owned by plaintiff, to plaintiff's damage."  Southcott v. Pioneer Title Co., 203 Cal.App.2d 673, 676.  A disparaging statement is one intended to cast doubt the existence or extent of one's interest in the property.    Glass v. Gulf Oil Corp., 12 Cal.App.3d 412, 423.  As mentioned above, though, the recorded Notices make no claim to Plaintiffs' property nor cast any doubt to their ownership.

Whether MERS's actions are privileged is unclear.  In Kachlon v. Markowitz, 168 Cal.App.4th 316, 333 (2008), the court held that "section 2924 deems the statutorily required mailing, publication, and and delivery of notices in nonjudicial foreclosure, and the performance of nonjudicial foreclosure procedures, to be privileged communications under the qualified, common-interest privilege of [Civ. Code] section 47, subdivision (c)(1)."  Thus, if MERS were properly acting as the foreclosure trustee, or otherwise as an agent of the beneficiary, it could claim the privilege.  However, Plaintiff suggests that MERS cannot because, as a suspended California corporation, "is not qualified to do business in California."  (Compl. at ¶¶ 5.)  MERS offers no rebuttal.

In the end, regardless of whether MERS's conduct was privileged, the recorded documents do not qualify as disparaging statements.  Thus, Plaintiff's slander of title cause of action is dismissed with prejudice as to all defendants.

*F. Cancellation of Deed of Trust Based on Fraud and Impossibility*

---

[2]In fact, Plaintiff asserts unnamed party Recontrust, acting as the agent for MERS, recorded the Notice of Default.  (Compl. at ¶ 95.)

1    Plaintiff offers that, because Defendants "fabricated and submitted falsified loan documents"

2    and because Plaintiff "lacked ability to perform the loan," the loan contracts and Promissory Notes

3    are null and void.  (Compl. at ¶ 88.)  Consequently, Plaintiff asks the court to cancel the Deeds of

4    Trust.  While fraudulent loan documents might provide grounds for loan cancellation, as stated above,

5    Plaintiff's Complaint fails to meet the fraud pleading standards of Rule 9(b).  Further, Plaintiff's

6    inability to perform the obligations to which she agreed, without more, does not provide a basis for

7    cancellation of the loan.  Plaintiff's claim for cancellation is dismissed without prejudice as to all

8    defendants.

9    *G.  Lis Pendens*

10    While ignoring the pleading requirements for a quiet title request, Plaintiff did comply with

11    Cal. Civ. Code § 761.010 by recording a *lis pendens* with the county.  Defendants ask the court to

12    expunge the *lis pendens* pursuant to Cal. Civ. Code §§ 405.31 and 405.32.  A court "shall order the

13    notice [of pendency] expunged if...the pleading on which the notice is based does not contain a real

14    property claim."  Cal. Civ. Code § 405.31.  A "real property claim" is defined, *inter alia*, as a cause

15    of action "which would, if meritorious, affect...title to, or the right to possession of, specific real

16    property...."  Cal. Civ. Code § 405.4.  Since Plaintiff has alleged no viable claims, much less a "real

17    property claim," the court grants Defendants' request to expunge the *lis pendens*.

18    *H.  Injunctive Relief*

19    Finally, Plaintiff seeks injunctive relief to forestall any foreclosure sale but does not offer any

20    particular supporting cause of action.  A request for injunctive relief by itself does not state a cause

21    of action and is properly brought before the court as a separate motion.  Shamsian v. Atl. Richfield

22    Co., 107 Cal.App.4th 967, 984-85 (2003).  Even if the court were to construe this request as derivative

23    of all other alleged causes of action, Plaintiff would still bear the burden of showing: (1) a

24    combination of probable success and the possibility of irreparable harm, or (2) serious questions and

25    the balance of hardship tips in her favor.  Arcamuzi v. Continental Air Lines, Inc., 819 F.2d 935, 937

26    (9th Cir. 1987).  Under either formulation, however, Plaintiff must demonstrate a "fair chance of

27    success on the merits" and a "significant threat of irreparable injury."  Id.  As the discussion above

28    outlines, Plaintiff has failed to demonstrate a likelihood of success on the merits and is not entitled to

1  injunctive relief based on her pleadings.

2  //

3  **Conclusion**

4          For the reasons set forth above, the motion to dismiss (Doc. No. 5) is **GRANTED**.  In

5  particular, Plaintiff's fraud, RICO, cancellation, quiet title, and slander of title causes of action are

6  hereby **DISMISSED** as to all defendants, without prejudice and with leave to amend.  Plaintiff's

7  causes of action for TILA and RESPA are hereby **DISMISSED** with prejudice as to all defendants.

8  Plaintiff's causes of action for negligence and negligent infliction of emotional distress are hereby

9  **DISMISSED** without prejudice as to Countrywide and MERS only.  Further, the court **ORDERS** the

10  *lis pendens* recorded by Plaintiff expunged from the title record of the Property identified in the

11  Complaint as 688 Rue Avallon, Chula Vista, California, 93913.

12          In light of the disposition of Plaintiff's claims, Plaintiff is granted leave to amend.  Plaintiff

13  shall file and serve an amended complaint within 20 days of the filing of this Order.

14          **IT IS SO ORDERED.**

15  DATED:  March 9, 2009

16  _____

17  Hon. Jeffrey T. Miller
    United States District Judge

18

19

20

21

22

23

24

25

26

27

28