# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVA L. WATTS,<br><br>　　　　　　　　　Plaintiff,<br><br>vs.<br><br>DECISION ONE MORTGAGE COMPANY, LLC; COUNTRYWIDE HOME LOANS; SAXON MORTGAGE SERVICES, INC.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,<br><br>　　　　　　　　　Defendants. | CASE NO. 09 CV 0043 JM (BLM)<br><br>**ORDER:**<br>**1) GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS BY DECISION ONE MORTGAGE COMPANY, LLC; and**<br>**2) DENYING PLAINTIFF'S REQUEST FOR LEAVE TO AMEND**<br><br>Doc. No. 25 |

　　　　On October 9, 2008, Plaintiff Eva L. Watts ("Plaintiff") filed a complaint in the Superior Court of the State of California, County of San Diego, raising claims arising out of a mortgage loan transaction. (Doc. No. 1, Exh. A, "Complaint.") The proceeds of the loan were used to purchase Plaintiff's principal dwelling (the "Property"), which is now subject to nonjudicial foreclosure. Following service of the Summons and Complaint, Defendant Countrywide Home Loans, Inc. ("Countrywide") timely removed the action to federal court on January 12, 2009. (Doc. No. 1.) Defendant Decision One Mortgage Company, LLC ("Decision One") filed an Answer on April 27, 2009. (Doc. No. 22.)

　　　　Now pending before the court is Decision One's Motion for Judgment on the Pleadings

pursuant to Federal Rule of Civil Procedure ("Rule") 12(c). ("Mot.," Doc. No. 25.) Plaintiff submitted a tardy opposition, accompanied by a "request to file amended complaint pursuant to FRCP 15(a)." ("Opp.," Doc. No. 32.) Decision One provided its reply brief on May 29, 2009. ("Reply," Doc. No. 33.)

Pursuant to Civ.L.R. 7.1(d), the matter was taken under submission by the court on June 5, 2009. For the reasons set forth below, the court **GRANTS** Decision One's Motion for Judgment on the Pleadings and **DENIES** Plaintiff's request for leave to file an amended complaint.

## BACKGROUND

According to the Complaint, Decision One offered Plaintiff a home mortgage loan to finance the purchase of the Property and the loan closed on August 7, 2006. (Compl. at ¶¶ 12, 26.) Plaintiff later defaulted on the loan, leading to entry of a Notice of Default on September 2, 2008. (Compl. at ¶ 35.) The present status of any pending or completed sale is unclear from the parties' submissions. Against all defendants, Plaintiff asserted federal causes of action under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq*. ("RICO"), the Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA"), and the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 et seq. ("RESPA"). Plaintiff also raised state law claims to quiet title and for fraud, negligent infliction of emotional distress, negligence, cancellation based on impossibility, and slander of title. Plaintiff sought injunctive relief (labeled as a "first cause of action"), damages, attorneys' fees and costs, declaration that the loan and Deed of Trust are null and void, and rescission.

The court previously granted a motion to dismiss by Defendants Countrywide and Mortgage Electronic Registration Systems, Inc. ("MERS"), in which Defendant Saxon Mortgage Services ("Saxon") joined, resulting in the dismissal of all claims against these three defendants except for the claims for negligence and negligent infliction of emotion distress against Saxon. Judgment was entered in favor of Countrywide and MERS on April 17, 2009. The two remaining claims against Saxon are the subject of a separate motion for judgment on the pleadings, not addressed here. (Doc. No. 31.)

//
//

# DISCUSSION

## I. Legal Standards

A Rule 12(c) motion challenges the legal sufficiency of an opposing party's pleadings. See FRCP 12(c). As with a Rule 12(b)(6) motion, the court must assume the truthfulness of the material facts alleged in the complaint and must construe all inferences reasonably drawn from the allegations in favor of the responding party. See Gen. Conference Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church, 887 F.2d 228, 230 (9th Cir. 1989). "Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1550 (9th Cir. 1989). Thus, judgment on the pleadings in favor of a defendant is not appropriate if the complaint raises issues of fact that, if proved, would support the plaintiff's legal theory. Gen. Conference Corp., 887 F.2d at 230.

Notably, in her opposition, Plaintiff does not counter any of the arguments presented by Decision One but rather states that if she is granted leave to amend, she "will abandon the TILA and RESPA claims, and the vast majority of the California common law claims." (Opp. at 2-3.) Despite Plaintiff's apparent acquiescence to the entry of judgment on most of her claims, the court reviews the motion on its merits.

## II. Analysis

### *A. Fraud*

Plaintiff argues, in essence, that Defendants are liable for fraud because they misrepresented to Plaintiff that she could afford the mortgage payments. (Compl. at ¶¶ 39, 42.) Decision One offers that Plaintiff's fraud cause of action must be dismissed because it has not been pled with particularity with respect to any defendants, as required by Rule 9(b). (Mot. at 4-5.) The court agrees.

"Rule 9(b)'s particularity requirement applies to state-law causes of action." Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1103 (9th Cir. 2003). On a claim for fraud, then, a "pleading is sufficient under rule 9(b) if it identifies the *circumstances* constituting fraud so that a defendant can prepare an adequate answer from the allegations." Moore v. Kayport Package Express, Inc., 885 F.2d 531, 540 (9th Cir. 1989)(citations omitted). "While statements of the time, place and nature of the

alleged fraudulent activities are sufficient, mere conclusory allegations of fraud" are not. Id. Further, Rule 9(b) requires a plaintiff to attribute particular fraudulent statements or acts to individual defendants. Id. Here, Plaintiff has not identified any particular statements or misrepresentations, much less linked them to specific defendants. Plaintiff's fraud cause of action is therefore dismissed.

### *B. RICO*

A claim under RICO must also satisfy Rule 9(b)'s particularity requirements. In her RICO claim, brought under 18 U.S.C. § 1962(c), Plaintiff alleges Defendants were involved in "racketeering activity" by virtue of their allegedly collusive participation in indictable activities including mail fraud (18 U.S.C. § 1341), wire fraud (§ 1343), obstruction of justice (§ 1503), obstruction of criminal investigations (§ 1510), and obstruction of State or local law enforcement (§ 1511). See 18 U.S.C. § 1961(B). However, as pointed out by Decision One (Mot. at 6-9), Plaintiff's Complaint is completely void of factual support for these wildly broad, conclusory, and largely irrelevant statements. "To state a claim under 18 U.S.C. § 1962(c), a plaintiff must allege '(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.'" Odom v. Microsoft Corp., 486 F.3d 541, 547 (9th Cir. 2007)(quoting Sedima, S.P.R.L. v. Imprex Co., 473 U.S. 479, 496 (1985). Plaintiff does not allege that Decision One committed multiple illegal acts under the statute or was engaged in a "pattern" of wrongful activity that would trigger RICO. Because Plaintiff's Complaint fails to properly allege all elements to state a RICO claim and does not meet the Rule 9(b) particularity standard, the RICO claim against Decision One is dismissed. Plaintiff's request to amend this claim is addressed below.

### *C. TILA and RESPA*

Plaintiff alleges Defendants failed to provide her with the required early Disclosure Statement under 12 C.F.R. § 226 ("Regulation Z"), and did not properly disclose material loan terms, including applicable finance charges, interest rate, and total payments as required by 15 U.S.C. § 1632. (Compl. at ¶¶ 74-75.) Plaintiff seeks rescission of the mortgage loan as well as damages and attorneys' fees. (Compl. at ¶ 78, p. 19.).

Plaintiff's request for damages relating to improper disclosures under TILA is subject to a one-year statute of limitations, typically running from the date of loan execution. See 15 U.S.C. §1640(e)

(any claim under this provision must be made "within one year from the date of the occurrence of the violation."). Plaintiff alleges the loan closed on August 7, 2006. (Compl. at ¶ 12.) The instant suit was not filed until October 9, 2008, well over two years later. (Compl. Summons.) Plaintiff fails to state relevant facts to support a TILA claim, and has not demonstrated any entitlement to equitable tolling. For these reasons, Plaintiff's claim against Decision One for damages under TILA is dismissed.

Decision One argues Plaintiff's request for rescission under TILA, 15 U.S.C. § 1635, fails as a matter of law because this provision does not apply to Plaintiffs' loan. Residential mortgage transactions are expressly excluded from TILA's rescission provisions. See 15 US.C. § 1635(e)(1). A "residential mortgage transaction" is defined by 15 U.S.C. § 1602(w) to include "a mortgage, deed of trust, ... or equivalent consensual security interest...created...against the consumer's dwelling to finance the acquisition...of such dwelling." Thus, while home equity loans and refinancing transactions could be amenable to rescission, Plaintiff's purchase money mortgage for is not. (See Compl. at ¶ 14.) Plaintiff's TILA rescission claim is therefore dismissed.

In her RESPA claim, Plaintiff alleges Defendants violated section 8(a), 12 U.S.C. § 2607(a), by giving and accepting improper fees or kickbacks, by "driving up settlement costs, by failing to disclose business relationships between service providers, by failing to properly follow notice of transfer provisions, [and] by failing to properly inform Plaintiff about all closing costs." (Compl. at ¶ 84.) Decision One argues Plaintiff's claim fails because there is no private right of action under RESPA's section 4 disclosure provision, 12 U.S.C. § 2603. This assessment is correct. Even if the court were to construe the claim as falling under section 8, which does provide a private right of action, Plaintiff's RESPA claim would be precluded by the applicable one-year statute of limitations under 12 U.S.C. § 2614. In either case, Plaintiff fails to state a claim against Decision One under RESPA, and the claim is therefore dismissed.

*D. Negligence and Negligent Infliction of Emotional Distress*

"Negligent infliction of emotional distress is not an independent tort; it is the tort of negligence to which the traditional elements of duty, breach of duty, causation, and damages apply." Ess v. Eskaton Properties, Inc., 97 Cal.App.4th 120, 126 (2002)(citing Marlene F. v Affiliated Psychiatric

1  Med. Clinic, Inc., 48 Cal.3d 583, 588 (1989)).  For both causes of action, then, a plaintiff must allege
2  a valid legal duty owed by the defendants.  Here, Plaintiff argues Defendants owed her a "duty...of
3  due care," and in particular, a "duty to exercise reasonable care and skill in performing their duties"
4  for *her* benefit.  (Compl. at ¶¶ 47, 52.)  Generally, barring an assumption of duty or a special
5  relationship, "financial institutions owe no duty of care to a borrower when the institution's
6  involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender
7  of money."  Nymark v. Heart Fed. Sav. & Loan Ass'n, 231 Cal.App.3d 1089, 1096 (1991).  Although
8  California law imposes a fiduciary duty on a mortgage *broker* for the benefit of the borrower, no such
9  duty is imposed on a lender.  UMET Trust v. Santa Monica Med. Inv. Co., 140 Cal.App.3d 864, 872-
10 73 (1983); Price v. Wells Fargo Bank, 213 Cal.App.3d 465, 476 (1989)(citing Downey v. Humphreys,
11 102 Cal.App.2d 323, 332 (1951))("'A debt is not a trust and there is not a fiduciary relation between
12 debtor and creditor as such.'  The same principle should apply with even greater clarity to the
13 relationship between a bank and its loan customers.").

14 Decision One offers that it acted as the lender in this transaction, a characterization unopposed
15 by Plaintiff.  (Mot. at 6.)  Plaintiff has not alleged any duty for Decision One that has been imposed
16 by law, assumed by Decision One, or created by a special relationship with Plaintiff.  Thus, Plaintiff's
17 claims for negligence and negligent infliction of emotional distress against Decision One are
18 dismissed.

19 *E.  Quiet Title and Slander of Title*

20 Plaintiff seeks to quiet title in the property as against each defendant, and argues "[t]he
21 foreclosure of the Subject Property is wrongful and should be voided by virtue of Defendants'
22 fraudulent conduct...and by reason of the defective Deeds of Trust."  (Compl. at ¶ 91.)  In order to
23 adequately allege a cause of action to quiet title, a plaintiff's pleadings must include a description of
24 "[t]he title of the plaintiff as to which a determination...is sought and the basis of the title..." and "[t]he
25 adverse claims to the title of the plaintiff against which a determination is sought."  Cal. Code Civ.
26 Proc. § 761.020.  A plaintiff is required to name the "specific adverse claims" that form the basis of
27 the property dispute.  See Cal. Code Civ. Proc. § 761.020, cmt. at ¶ 3.  None of Plaintiff's allegations
28 show any adverse claims; the recorded Notices do not affect Plaintiff's title, ownership, or possession

1  in the Property.  As discussed herein, Plaintiff has not adequately alleged any fraudulent conduct
2  which might serve as a basis for the cause of action.  Finally, in California, a quiet title pleading must
3  be verified through a sworn statement; Plaintiff's Complaint is unverified.  The cause of action to
4  quiet title against Decision One is therefore dismissed.

5  In her "slander of title" claim, Plaintiff avers ReconTrust, acting as an agent for MERS and
6  unnamed in this action, "wrongfully and without privilege" caused recordation of the Notice of
7  Default, in violation of Cal. Civ. Code § 2924.  (Compl. at ¶¶ 95-98.)  Slander of title is a "tortious
8  injury to property resulting from unprivileged, false, malicious publication of disparaging statements
9  regarding the title to property owned by plaintiff, to plaintiff's damage."  Southcott v. Pioneer Title
10 Co., 203 Cal.App.2d 673, 676.  A disparaging statement is one intended to cast doubt the existence
11 or extent of one's interest in the property.    Glass v. Gulf Oil Corp., 12 Cal.App.3d 412, 423.
12 However, not only does Plaintiff fail to allege any relevant conduct by Decision One, the recorded
13 Notices are likely privileged and otherwise do not cast any doubt as to the ownership of Plaintiff's
14 property.  See Kachlon v. Markowitz, 168 Cal.App.4th 316, 333 (2008).  Thus, as Plaintiff has failed
15 to allege any qualifying statements, her slander of title cause of action against Decision One is
16 dismissed.

17 *F.  Cancellation of Deed of Trust Based on Fraud and Impossibility*

18 Plaintiff offers that, because Defendants "fabricated and submitted falsified loan documents"
19 and because Plaintiff "lacked ability to perform the loan," the loan contracts and Promissory Notes
20 are null and void.  (Compl. at ¶ 88.)  Consequently, Plaintiff asks the court to cancel the Deeds of
21 Trust. While fraudulent loan documents might provide grounds for loan cancellation, as stated above,
22 Plaintiff's Complaint fails to meet the fraud pleading standards of Rule 9(b).  Further, Plaintiff's
23 inability to perform the obligations to which she agreed, without more, does not provide a basis for
24 cancellation of the loan.  Plaintiff's claim for cancellation against Decision One is dismissed.

25 *G.  Injunctive Relief*

26 Finally, Plaintiff seeks injunctive relief to forestall any foreclosure sale but does not offer any
27 particular supporting cause of action.  A request for injunctive relief by itself does not state a cause
28 of action and is properly brought before the court as a separate motion.  Shamsian v. Atl. Richfield

1  Co., 107 Cal.App.4th 967, 984-85 (2003). As the discussion above outlines, Plaintiff has failed to
2  demonstrate a likelihood of success on any asserted claims and is therefore not entitled to injunctive
3  relief based on her pleadings.

4  **III.  Plaintiff's Request to File an Amended Complaint**

5  Rather than opposing Decision One's motion, Plaintiff merely argues that the "technical
6  complexities" of the underlying loan transaction warrant giving her additional time to "formulate,
7  revise, and file a first amended complaint." (Opp. at 2, 3.) Decision One opposes Plaintiff's request.
8  (Reply at 1.) As Decision One accurately observes, Plaintiff has missed her opportunity to amend
9  without leave of court, since several defendants have filed responsive pleadings. Therefore, the
10  request is considered under Rule 15(a)(2).

11  The Federal Rules of Civil Procedure ("FRCP") allow amendment of a pleading once as a
12  matter of right "at any time before a responsive pleading is served . . . . Otherwise a party may amend
13  the party's pleading only by leave of court or by written consent of the adverse party; and leave shall
14  be freely given when justice so requires." Fed. R. Civ. P. 15(a). In determining whether to grant leave
15  to amend, the court generally considers: "(1) undue delay; (2) bad faith; (3) futility of amendment;
16  and (4) prejudice to the opposing party." Hurn v. Retirement Fund Trust, 648 F.2d 1252, 1254 (9th
17  Cir. 1981) (citing Howey v. U.S., 481 F.2d 1187, 1190 (9th Cir. 1973)). Although the court's ruling
18  on Decision One's motion, discussed above, could render Plaintiff's request moot, the court is
19  obligated to consider the request on its merits. See Forman v. Davis, 371 U.S. 178, 182 (1962)
20  ("refusal to grant the leave without any justifying reason appearing for the denial is...an abuse
21  of...discretion...."); Pure Country, Inc. v. Sigma Chi Fraternity, 312 F.3d 952, 956 (8th Cir. 2002)
22  (court's denial of plaintiff's motion to amend as moot after granting defendant's motion to dismiss was
23  an abuse of discretion).

24  On review of the record in this case, the court finds Plaintiff has unduly delayed the
25  prosecution of this matter. Plaintiff's case has been pending in this court for six months and she has
26  generally failed to oppose any motion or otherwise diligently pursue her claims. In particular, the
27  court gave Plaintiff a clear opportunity to amend when it granted the motion to dismiss by
28  Countrywide and MERS, yet Plaintiff did not file a First Amended Complaint at that time. Plaintiff's

eleventh hour request hints of a bad faith attempt to further delay foreclosure proceedings on her property.  In addition, the court finds granting leave would be futile because the RICO and fraud claims Plaintiff anticipates amending fail to allege the most basic elements.  Based on the pleadings and Plaintiff's comments in support of her request, the court sees no reason to believe Plaintiff could correct those deficiencies.  Plaintiff's request for leave to file an amended complaint is therefore **DENIED**.[1]

**CONCLUSION**

For the reasons set forth above, the motion for judgment on the pleadings is **GRANTED**.  (Doc. No. 25.)  All claims against Decision One are **DISMISSED**.  Plaintiff's request for leave to file an amended complaint is **DENIED**.  (Doc. No. 32.)  The court instructs the Clerk of Court to enter judgment in favor of Decision One.

**IT IS SO ORDERED.**

DATED:  June 11, 2009

Hon. Jeffrey T. Miller
United States District Judge

---

[1] Decision One asks that any Rule 15 amendment be conditioned on an award of costs.  (Reply at 5.)  Since the court denies the Rule 15 request, it declines to address Decision One's request for costs.