# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVA L. WATTS,<br><br>                        Plaintiff,<br>vs.<br><br>DECISION ONE MORTGAGE COMPANY, LLC; COUNTRYWIDE HOME LOANS; SAXON MORTGAGE SERVICES, INC.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,<br><br>                        Defendants. | CASE NO. 09 CV 0043 JM (BLM)<br><br>**ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS BY SAXON MORTGAGE SERVICES, INC.**<br><br>Doc. No. 31 |

On October 9, 2008, Plaintiff Eva L. Watts ("Plaintiff") filed a complaint in the Superior Court of the State of California, County of San Diego, raising claims arising out of a mortgage loan transaction. (Doc. No. 1, Exh. A, "Complaint.") The proceeds of the loan were used to purchase Plaintiff's principal dwelling (the "Property"), which is now subject to nonjudicial foreclosure. Following service of the Summons and Complaint, Defendant Countrywide Home Loans, Inc. ("Countrywide") timely removed the action to federal court on January 12, 2009. (Doc. No. 1.) Defendant Saxon Mortgage Services, Inc. ("Saxon") filed an Answer on January 13, 2009. (Doc. No. 6.)

Now pending before the court is Saxon's Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure ("Rule") 12(c). ("Mot.," Doc. No. 31.) Plaintiff has submitted neither an opposition nor a statement of non-opposition. Saxon provided its reply brief on June 19,

1  2009.  (Doc. No. 38.)

2  Pursuant to Civ.L.R. 7.1(d), the matter was taken under submission by the court on June 26, 2009.  For the reasons set forth below, the court **GRANTS** Saxon's Motion for Judgment on the Pleadings.

## BACKGROUND

According to the Complaint, Decision One offered Plaintiff a home mortgage loan to finance the purchase of the Property and the loan closed on August 7, 2006.  (Compl. ¶¶ 12, 26.)  Plaintiff later defaulted on the loan, leading to entry of a Notice of Default on September 2, 2008.  (Compl. ¶ 35.)  The present status of any pending or completed sale is unclear from the parties' submissions.  Against all defendants, Plaintiff asserted federal causes of action under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.* ("RICO"), the Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA"), and the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 et seq. ("RESPA").  Plaintiff also raised state law claims to quiet title and for fraud, negligent infliction of emotional distress, negligence, cancellation based on impossibility, and slander of title.  Plaintiff sought injunctive relief (labeled as a "first cause of action"), damages, attorneys' fees and costs, declaration that the loan and Deed of Trust are null and void, and rescission.

The court previously granted a motion to dismiss by Defendants Countrywide and Mortgage Electronic Registration Systems, Inc. ("MERS"), in which Defendant Saxon Mortgage Services ("Saxon") joined, resulting in the dismissal of all claims against these three defendants except for the claims for negligence and negligent infliction of emotion distress against Saxon.  Judgment was entered in favor of Countrywide and MERS on April 17, 2009.  Following a motion for judgment on the pleadings by Decision One, all claims against that defendant were also dismissed.  (Doc. Nos. 26, 36.)  At this time, the only two remaining claims in this action are the two against Saxon which are addressed by the pending motion.  (Doc. No. 31.)

## DISCUSSION

**I.  Legal Standards**

A Rule 12(c) motion challenges the legal sufficiency of an opposing party's pleadings.  See FRCP 12(c).  As with a Rule 12(b)(6) motion, the court must assume the truthfulness of the material

facts alleged in the complaint and must construe all inferences reasonably drawn from the allegations in favor of the responding party. See Gen. Conference Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church, 887 F.2d 228, 230 (9th Cir. 1989). "Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1550 (9th Cir. 1989). Thus, judgment on the pleadings in favor of a defendant is not appropriate if the complaint raises issues of fact that, if proved, would support the plaintiff's legal theory. Gen. Conference Corp., 887 F.2d at 230.

When an opposing party does not file papers in the manner required by Civ.L.R. 7.1(d)(2), the court may deem the failure to "constitute a consent to the granting of a motion or other request for ruling by the court." Civ.L.R. 7.1(f)(3)(c). Saxon argues Plaintiff offered to "abandon the TILA and RESPA claims, and the vast majority of the California common law claims." (Doc. No. 32 at 2-3.) The court notes the cited comments by Plaintiff were actually made in opposition to Decision One's prior motion.[1] However, these statements combined with Plaintiff's failure to file any opposition to the present motion do indicate acquiescence to the entry of judgment on her remaining claims. Nevertheless, the court reviews those claims on their merits to ensure entry of judgment is appropriate.

**II. Analysis**

"Negligent infliction of emotional distress is not an independent tort; it is the tort of negligence to which the traditional elements of duty, breach of duty, causation, and damages apply." Ess v. Eskaton Properties, Inc., 97 Cal.App.4th 120, 126 (2002)(citing Marlene F. v Affiliated Psychiatric Med. Clinic, Inc., 48 Cal.3d 583, 588 (1989)). To support each cause of action, then, Plaintiff must allege a valid legal duty owed to her by Saxon. Here, Plaintiff argues Defendants owed her a "duty...of due care," and in particular, a "duty to exercise reasonable care and skill in performing their duties" for *her* benefit. (Compl. ¶¶ 47, 52.) Generally, barring an assumption of duty or a special relationship, "financial institutions owe no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender

---

[1] Saxon also argues against Plaintiff's purported request to amend her complaint. This request was made with respect to the prior motion rather than this one. Therefore, Plaintiff has no pending request to amend her complaint and the court declines to discuss the issue.

of money." Nymark v. Heart Fed. Sav. & Loan Ass'n, 231 Cal.App.3d 1089, 1096 (1991). Although California law imposes a fiduciary duty on a mortgage *broker* for the benefit of the borrower, no such duty is imposed on a lender or his agent. UMET Trust v. Santa Monica Med. Inv. Co., 140 Cal.App.3d 864, 872-73 (1983); Price v. Wells Fargo Bank, 213 Cal.App.3d 465, 476 (1989)(citing Downey v. Humphreys, 102 Cal.App.2d 323, 332 (1951))("'A debt is not a trust and there is not a fiduciary relation between debtor and creditor as such.' The same principle should apply with even greater clarity to the relationship between a bank and its loan customers.").

Plaintiff alleges Saxon acted as a "lender and/or loan servicer." (Compl. ¶ 4.) In its Answer, Saxon admits it acted as the loan servicer in this transaction. (Doc. No. 6 at ¶ 4.) Acting in this capacity imposes no legal duty of care on Saxon. Further, Plaintiff has not alleged any duty for Saxon that has been assumed by Saxon, or created by a special relationship between Saxon and Plaintiff. Since Plaintiff has failed to allege any facts to support these two claims, Saxon's motion is granted.

### CONCLUSION

For the reasons set forth above, Saxon's Motion for Judgment on the Pleadings is **GRANTED**. (Doc. No. 31.) Accordingly, Plaintiff's claims for negligence and negligent infliction of emotional distress against Saxon are **DISMISSED**. The court instructs the Clerk of Court to enter judgment in favor of Saxon. Further, as this ruling disposes of all remaining claims in the action, the Clerk of Court is also instructed to close the case file.

**IT IS SO ORDERED.**

DATED: July 13, 2009

_____
Hon. Jeffrey T. Miller
United States District Judge